THE UNITED STATES DISTRICT COURT DISTRICT OF SOUTH DAKOTA
(SOUTHERN DIVISION)

| | |
|---|---|
| MICHAEL BRIAN FORMAN <br><br> Plaintiff <br><br> vs. <br><br><br> SOUTH DAKOTA DCI <br> CITY OF BROOKINGS <br><br> SETH BONNEMA <br> SEAN DOREMUS <br> DAMIAN WEETS <br> & <br> JANE &/OR JOHN DOES <br><br> Defendants | CASE # : 4:23-cV-4208 <br><br> **COMPLAINT** <br><br> **Violation Of Federal Rights Under 42 U.S.C § 1983 & Municipality Liability** <br><br> **CLASS OF ONE EQUAL PROTECTION SINGLED OUT FOR NO RATIONAL BASIS** |

HERE STATED, Plaintiff Michael Forman states the legitimate cause for this action.

All Claims against Seth Bonnema, in his official & individual capacity. All Claims against Sean Doremus are in his individual & official capacity, All Claims against Damian Weets are in his official and individual capacity. The City of Brookings is being sued under its own name. The South Dakota DCI is also being sued under its own name.

1

## FACTS AND BACKGROUND

1. Plaintiff Michael Brian Forman (Forman) a resident of 1027 10th St. S Apt. # 6 Brookings, South Dakota, 57006, & is **PRO SE**.

2. Defendant Seth Bonnema a K9 Officer for the BPD, located At 307 3rd Ave, Brookings, South Dakota, 57006. Sued In both individual & official capacities.

3. Defendant Damian Weets a patrol sergeant with the BPD located at 307 3rd Ave, Brookings, South Dakota, 57006. Sued In both individual & official capacities.

4. Defendant Sean Doremus a patrol officer with the BPD, located at 307 3rd Ave, Brookings, South Dakota, 57006. Sued In both individual & official capacities.

5. The City of Brookings is a town government municipality located at 520, 3rd St, Brookings, South Dakota, 57006. Sued under its own name.

6. The South Dakota DCI is a law enforcement investigation agency located at 1302 E HWY 14, Pierre, South Dakota, 57501. Sued under its own name.

7. Defendant Bonnema is employed by the City of Brookings during the 2022, July 21st Illegal traffic stop against Forman in Brookings city limits.

8. Both Defendants Weets and Doremus will be mentioned in the second part of the lawsuit as the second unlawful encounter that occurred was with BOTH of these defendants on January 8th, 2023 around 2:00 AM. [1]

9. Defendants Weets & Doremus were/are employed by the City of Brookings, & at a venue owned by the City of Brookings; <u>Brookings Health System Hospital</u> ,where an assault by the two officers based on personal motives was commenced against Forman, for no rational basis whatsoever for said conduct.

---

[1] **DEFENDANTS WERE ACTING UNDER THE COLOR OF STATE LAW.**

2

10. Both the July 21st, 2022 detention/illegal traffic stop and the assault on January 8th, 2023. Were in retaliation to previous litigation by Forman against BPD officers as well as politically motivated attacks.

11. The Claims against Bonnema will be federal claims only (1st, 4th, &14th Amd.)

12. The Claims against Weets and Doremus will have federal claims primarily, but also include State law torts/claims as Forman sent a 180-Day Notice to both The City of Brookings Government Building & Police Station. (Exhibit A)

13. There is federal question jurisdiction under **28 U.S. Code § 1331.**

## STATEMENT OF CLAIM

14.  Plaintiff's lawsuit exposes illegal detentions, traffic stops, assaults, battery, and patterns of municipality violations, freedom of speech violations, as well as systematic cover ups for criminal law enforcement misconduct in the state of South Dakota. This is a discrimination lawsuit showing immense due process equal protection violations. All of these claims will be substantiated throughout the complaint. This lawsuit will start based on the order in which the events occurred. Therefore the first account will be the illegal traffic stop and detention committed by defendant Bonnema on July 21st, 2022. Next will be an attack from defendants Weets & Doremus on January 8th, 2023. The South Dakota DCI will be the last in line describing their involvement. While the City of Brookings will be described from the very get go, long before these events occurred. The municipality violations only get worse & worse as these events progressed. The freedom of speech violations will also be thoroughly described in the complaint.The state law civil claim included will be intentional infliction of emotional distress, specific to only defendants, City of Brookings, Weets, & Doremus. As a 180-Day Notice was timely

3

delivered to the municipality within the six month time period "required notice" by state municipality governments. Thus the state law claims are applicable as notice was given.

## FACT RELEVANT TO SAID CIVIL ACTION

15. On July 21st, 2022 an illegal traffic stop was initiated by defendant Bonnema upon the plaintiff Forman who was traveling west on 8th street south.The biggest intersection on main street was closed. So very much if not all of the north/south traffic is diverted to the much smaller road of 7th Ave South. Just after sundown Forman left his apartment to head to Volga, he went West down 8th Street South and drove by two squad cars as Forman drove by plaintiff Bonnema who was outside of his SUV at the time. It's possible that another current defendant was in the other squad car, or anyone else in the department & conspired with Bonnema to initiate the illegal traffic stop. (Exhibit B)

## ILLEGAL DETENTION

16. As plaintiff Forman headed northbound, he noticed the vehicle behind him had exempt plates. Assuming it was the police officer that was outside his squad car, Forman thought it was clear the officer had rushed to catch up to him. Plaintiff Forman was driving perfectly fine. Forman on 7th Street still then approached the next sign where the paint line was faded and the road here met up with 5th Street South. Forman then approached a make shift four way stop, stopping there. Forman continued north bound, with the unknown (at the time) officer behind him. Forman stopped at the intersection of 3rd Street South, Forman then headed north bound to the last stop sign; before the road merges east & west while ending northbound due to railroad tracks.

18. Forman stopped at the last stop sign intending to go west on 2nd street south then back north through the underpass on 6th street. Once Forman is attempting to head

north bound under the bridge. Defendant Bonnema initiates an illegal traffic stop against Plaintiff Forman on the northbound 6th street right before the underpass. The stop was initiated after being followed by nearly half a mile. Bonnema following Forman through the underpass would make it too obvious Formanis being singled out & targeted for no rational basis with a personal motive. However at any rate Forman is stopped at the top of the hill by Bonnema. Forman sees Bonnema exit his SUV vehicle and Bonnema then approaches the passenger side of Forman's Toyota Tacoma. Bonnema tells Forman he didn't stop at the white line. Forman remembers the first stop sign by the school having a really faded white line but knew that he stopped before it. Forman asks Bonnema if he was talking about the first intersection. Bonnema implies that Forman crossed the whiteline at the last intersection before Forman headed west. Forman then entered the squad car with Bonnema after he requested Forman do so. Bonnema had a K9 "Gina" present in the back seat. Bonnema asks Forman if he has consumed any alcoholic drinks, with Forman responding "**Not A Single One**". Bonnema then gives Forman a warning ticket for an improper stop at a stop sign. Forman exits the squad car & heads to Volga, his original destination. Forman never committed any traffic violations, so the detention was unlawful. During the illegal detention Forman also noticed another officer heading north through the underpass, said officer possibly conspired with Bonnema on said matter of the illegal stop. However conspiracy claims can be hard to prove but with the discovery process can be substantiated & verified. This traffic stop is worse then other profiled stops, because this stop revolved around targeting an individual for a personal motive. It wasn't profiling based on a cars[2] tint or plates. It was profiling based on the actions of someone suing a department with active on-going discovery.

---

[2] **WHILE ILLEGAL STOPS CAN BE PROFILING, MOST LACK ANY "CLASS OF ONE" ELEMENTS**

## FIRST FREEDOM OF SPEECH & DUE PROCESS EP VIOLATIONS

19. Defendant Bonnema has no qualified immunity defense for said initiation of illegal traffic stop & detention. This district court has already established that traffic stops based on law enforcement lying are extremely unlawful.(**Mulbah Vs. Jansen**). Despite plaintiff Forman not being searched, the motive for the stop is what makes this claim strong. Forman was stopped because he was in an active lawsuit against the BPD & officers. There was also ongoing discovery that Forman was hard pressed on pursuing.

20. Thus the stop was an attempt to squelch free speech & illegal attempt to deprive Forman of serious civil litigation & his attempt to obtain criminally made documents through the discovery process. The stop was also wholly arbitrary & based on no legitimate law enforcement function, with no rational basis whatsoever. Therefore qualified immunity is not a defense and said conduct is placing Forman as an established "**CLASS OF ONE**" under the equal protection due process clause.

## WEETS & DORMEUS COMMIT MAJOR CIVIL RIGHTS VIOLATIONS

21. On the very early morning of January 8th, 2023, plaintiff Forman attempted to walk to a LYFT Taxi he had called outside of his uncle's bar. Forman consumed a large amount of high proof liquor. Forman missed the first ride & called for a second, also missing that ride. Forman then blacked out in a snowbank & was found by pedestrians.
Said Pedestrians called **911** & a police officer found Forman in the snow bank. Defendants Weets & Doremus were on patrol that night but were not the ones who found Forman passed out in the snow bank. An ambulance is then called & dispatched.

6

22. Forman gets in the ambulance, his hands are obviously damaged & another thirty plus minutes outside on that extreme winter night would result in amputation. (Exhibit E)

23. Forman arrives at the hospital with a BAC near 0.3 and starts wandering around the hospital room & after doing this for a while police officers start to show up. Of the four officers that showed up, two of them were defendants Weets & Doremus. The fact that four officers showed up for one drunk person speaks volumes about said intentions of Weets & Doremus showing up under color of law to settle a personal issue they have.

24. Forman's weariness was high & considering the amount of alcohol in his blood was actually functioning quite fine. Forman thought for sure the police showed up to obtain a blood sample from him. As there were four police officers, Forman had nothing in his blood illegally. Still Forman felt extremely unsafe especially with Weets & Doremus. Also being in a hospital owned by the city also makes the matter more worrisome. However at any rate the samples from Forman are obtained and are later taken to the lab.

## ASSAULT, BATTERY, ILLEGAL DETENTION, FREEDOM OF SPEECH CLAIM, VIOLATION OF EQUAL PROTECTION DUE PROCESS CLAUSE

25. Plaintiff Forman commented "**It Ain't Over**" to Defendants Weets & Doremus.
In reference to on-going litigation with active discovery in which Weets was a defendant in. Doremus, a former defendant in another lawsuit of someone else, also had a personal interest in reacting to these comments. Other motives for these defendants being angry at Forman include a very sour election result in the local sheriff race.

26. This man who ran for sheriff was in the DCI, a great ally to the BPD & friends with many in the department. Forman played at the very least a minor role in subtracting votes from said DCI special agent's expensive campaign. When Forman implied that the disputes between the parties weren't over, Weets & Doremus decided that they were going to settle a score in the hospital. <u>**Forman never commited a crime**</u>, & the officers were hoping Forman would commit a crime. However Forman never did & **said officers grew tiresome of waiting & initiated an illegal attack against Forman.**

Forman was facing away from Doremus & Weets, To Forman's best knowledge, Weets proceeded to **grab Forman from behind and throw him to the ground.**[3] Doremus then put a **knee on Forman's neck, grinding his head face first into the hospital floor.** All while said officers berate Forman while he's head first into the ground, after a few more phrases are hurled they let off Forman's knee & are not present in the room before Forman can even get up. A truly traumatizing attack indeed to say the very least.

27. Forman didn't have a great view of the assault obviously as he was facing away from the officers, then his vision was limited to the ground & hospital bed. These officers decided to attack Forman from behind as they already decided they were going to attack Forman. The reason they attacked Forman from behind was that they were annoyed that Forman wasn't a danger to anyone or doing anything illegal. Thus they initiated the illegal arbitrary assault & battery, based on a personal motive with no rational basis whatsoever. The singling out of Forman caused immense harm & the discrimination enhances the already established "<u>**CLASS OF ONE**</u>" claim to an entire new level. This conduct is also unlawful battery, assault, & an illegal detention.

---

[3] **ABSOLUTELY NO QUALIFIED IMMUNITY FOR THIS CONDUCT.**

28. This now brings the suit to more freedom of speech violations. Forman has already explained how the illegal traffic stop initiated violates freedom of speech. The attack at the hospital amplifies it to a whole new level. Weets & Doremus were angry with Forman for filing a lawsuit & the outcome of the fall 2022 sheriff election. Not only this but in the very present after a near death experience; Forman tells them that it's not over. Most likely thoroughly enraged, the duo decided they weren't going to leave empty handed. Not to mention these officers are settling personal vendettas while they are being paid by tax-payer dollars on the clock while potential drunk drivers are out. Even Forman's prior lawsuit had *"class of one elements"* of being singled out, albeit nowhere near as much as this present case. All three individual law enforcement officers here purposely singled Forman out, while acting under the color of state law. Most importantly the assault at the hospital is an attack, not an excessive force case. It's an example of being singled out, hands hardly function & four cops show up. Words are exchanged and the person who nearly freezes to death is thrown to the ground, then a knee is placed on their neck. Clear personal motives are at play here…

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiff Forman asserts this state law claim/tort as a timely notice was given to the City of Brookings. (Exhibit A) Defendants Weets & Doremus initiated the illegal attack on Forman after he had voiced his own opinions to the officers. After the officers took Forman to the ground they yelled repeatedly "**WHY'D YOU DO IT ?**". Along with the insults they meant to cause Forman immense emotional harm by attacking him in an already vulnerable state…to this day the actions of said officers still causes significant trauma for Forman. As in the assault in the hospital was traumatizing & degrading.

## SOUTH DAKOTA DCI COVERS UP POLICE MISCONDUCT

30. Plaintiff Forman was assaulted by defendants Weets & Dormeus on January 8th, 2023. Another man who filed a now settled lawsuit against defendant Weets was assaulted by said officer on April 1st, 2023. Between the time of these two assaults, the South Dakota DCI was preparing an award plaque for the BPD sergeant of investigations, Joel Perry. (Exhibit C) This is significant because Joel Perry was a defendant in a former lawsuit brought on by plaintiff Forman & another plaintiff. While complaints were made to the DCI about conduct of current defendants & Joel Perry. The goal couldn't be more obvious that the DCI is looking for a way to cover up criminal conduct of these officers. To start with a few issues, there is a DCI special agent who has an office in the Brookings Police Department itself. Said special agent also ran for sheriff while making Joel Perry his campaign manager/ treasurer. There's also other DCI agents operating through the Brookings Police Department. All while in between two vicious assaults the DCI is preparing a plaque for Joel Perry. Yet victims of police misconduct all over the state, & here specifically Brookings, SD are supposed to believe that they are getting a fair independent review of their claims of misconduct? Despite the glaring conflict issues & the making of trophies for a man accused of serious misconduct. After plaintiff Forman was attacked in the hospital it was foreseeable that another attack was bound to happen. The pooling of taxpayer dollars & DCI willing to cover up nearly every incident offers extra protection to police, who in other states might actually be held accountable. When these "lawmen" are free to do whatever they want they commit crimes & repeat. After the assault on Forman , a few months later Weets attacked another man who was arrested, injuring him badly & lying about the incident.

31. Bottom line is any complaints filed with the DCI are not legitimate reviews & if anything are used to aid criminally corrupt cops & cover up misconduct. Forman referred the attack to the DCI, however no legitimate review was applied & given the recent events it's pretty obvious that goes without saying that these reviews don't result in any serious repercussions for law enforcement. Unfortunately for defendant Weets, he was one of the very few instances that the DCI held someone even remotely accountable. Possibly because he assaulted two individuals in a very short period of time. Defendant Weets still was extremely lucky as he hardly got in any trouble. The DCI, doing investigations of law enforcement misconduct is essentially a complete joke. They rubber stamp over 99% of complaints & the last 1% is used to justify the existence to claim they independently investigate law enforcement misconduct. The DCI can't rubber stamp 100% of the complaints because then you'd essentially have the same as an appeals court that affirms all lower court decisions. So only rarely is this system used to actually help victims of police misconduct, it actually works to aid the perpetrators. The DCI is only part of the problem, but it has gotten to the point where people are having their rights violated so badly & the culprits cops think they are doing a good job.

## MUNICIPALITY LIABILITY OF DEFENDANT CITY OF BROOKINGS

32. The defendant City of Brookings has engaged in conduct that has made it liable as a municipality for a multitude of reasons. Specifically it has engaged in action to cover up misconduct of officers in the department. The city of Brookings doesn't allow the current police chief **Michael Drake** to fire officers. Prior chiefs had to close of friendships & connections to the employees of the City of Brookings & police

11

department. These former chiefs would often not keep their employees in check, by allowing them to roam freely & said employees could be committing unethical police work or straight up crimes. The employees in the department often expected to be rewarded for said conduct & since the prior chiefs were friends of said employees or at the very least said former chiefs didn't apply any checks & balances to the police work of said employees. A defendant in Forman's past lawsuit, which Forman attempted to obtain criminally made documents via the discovery process. The defendant Joel Perry; used his family connections of owning a large business in town to enhance his law enforcement career. Forman attempted to obtain criminally made documents via the discovery process… In fact this defendant even was planning on running for sheriff. (Ex. D) Plaintiff Forman has inside information that the prior chiefs from the local area had essentially allowed this defendant to roam freely & do whatever he wanted. Unfortunately for this defendant the new chief from the east coast caught on very quickly to this usurpation. Said defendant's family connections did him no good with the new chief. Also said defendant was attempting to incriminate Plaintiff Forman with perjurious documents a few years back. This defendant was used to getting his way, no matter how atrocious his conduct was, being used to having control over the local chiefs & expecting the local prosecutor to reward his conduct. Any notion that these revelations are hearsay & unsubstantiated are false. As it's no mystery to why as soon as this defendant works with someone not tied to the local community, they immediately sense something extremely wrong with this person's conduct. In fact it'd almost be laughable if it wasn't so horrifying that this man has(d) a position of authority, not only that but other people in the local government rubber stamp all of his actions…[4]

---

[4] **This is all the more horrifying that this man was ever in "law enforcement".**

33. Now the BPD as a whole is used to being rewarded by the local prosecutor as he will force all to plead guilty to something, but this one man in particular is so scandalous. In fact Forman believes that he is attempting to run for sheriff in the 2026 election for Brookings County, Forman assumed this since mid 2022. Forman's suspicions were only substantiated when he learned that after said defendant "retired", that the new chief had disbanded the police reserves. This defendant was attempting to keep their law enforcement certification active, with the reserves being disbanded that makes said task harder. I can't say the reserve police of Brookings were solely disbanded to prevent this man from running for sheriff. However it couldn't be more obvious that within months the new chief realized how problematic this individual was. The city not allowing the new chief to fire employees committing criminal acts is a huge cause for concern. As getting a new chief from out of state was smart, but the city manager & City of Brookings prefering to cover up misconduct makes the situation much more dire. When Defendant Weets assaulted another man , he was given a paid suspension & the DCI was not going to do anything about it. Once the city manager found out Weets wasn't going to be charged, he had Weets put back on patrol. This shows a pattern of irresponsible structuring & a larger concern on covering misconduct up. The man who was assaulted by Weets was in a similar circumstance to Forman in a few ways. The other victim was drunk, passed out & beaten by the same police officer. The circumstance was also very different in a few ways as well, Forman wasn't under arrest & wasn't passed out in a private building after hours. Since the city still paid Weets as he was suspended & reinstated him on duty after the DCI essentially covered up the misconduct. The City of Brookings is liable by attempting to keep a dangerous police officer on the force. [5]

---

[5] **WEETS VS KAIYOU 4:23-cv-04095**

34. Defendant Weets was sued in both his individual & official capacities. The latter which paves the way for municipality liability. Given the conduct of many of the cities employees in the BPD. It's very clear that the municipality is liable as they take no action to stop illegal conduct from many of the people they hire. Municipal liability is totally appropriate in this circumstance. As Weets has assaulted two people in a very short span; with one of the victims already getting a settlement pleading official capacity claims as well. This lawsuit also has the ability to affect & prevent two "lawmen" from re-thinking or attempting to start a new law enforcement career years from now. I urge the district court to also consider this as the repercussions of allowing defendant Weets & Joel Perry the attempt to re-enter law enforcement would be vast & wide. While it also poses a large exponential threat to the public. The state of South Dakota already gives law enforcement extra immunity, including the DCI covering up criminal conduct & the local municipalities pooling tax payer money into a pool with a sole incentive on covering up government employee misconduct by giving lawyers huge incentives to be on the risk pool & by threatening those who attempt to rise against the municipality. The politics of letting a Pro Se advance a claim to trial can be difficult to stomach for a district court as it's just simply bad for business. The risk pool lawyers like to act like it's a fair playing field when it's not, & will obviously apply bullying tactics. Any motions to dismiss or summary judgment motions in this case will be a delay tactic & an attempt to win in the fine print. That being said, all motions will be properly countered by the plaintiff. This is a discrimination lawsuit, offering a unique look as the plaintiff is now in a class.

## CONCLUSION

35. The conduct described throughout this complaint states many clearly established violations of federal law, which there is no immunity for. There are clear personal motives as well, singling out plaintiff Forman for completely arbitrary purposes with disproportionate treatment & no rational basis whatsoever that serves a legitimate law enforcement function. The South Dakota DCI also has singled out Forman by covering up an extremely unlawful attack.The glaring conflict issues play a huge role in the personal motives to cover up the case. It's nearly impossible for the DCI to provide an unbiased review. As the BPD itself & many officers are heavily associated with the DCI. The City of Brookings is also liable as a municipal government, as it's willing to cover up misconduct of it's employees in an effort to save face. Specifically the city trying to keep Weets on the force & paying him, after he committed two assaults in a few month span. As this has now headed to the point where it's lucky someone hasn't been killed. In the past ten years law enforcement agencies such as the SD Highway Patrol & BPD have committed numerous crimes. All the while filling the mega law firms pockets with the public's very own money. Wherefore Plaintiff prays for judgment actions against defendants. Including general damages, punitive damages, & any relief the court deems proper. I will also list the five exhibits below.

**EXHIBIT A:** Letter of intent to sue[6], **EXHIBIT B:** False ticket for illegal stop,**EXHIBIT C:** DCI PLAQUE FOR JOEL PERRY, **EXHIBIT D:** Sheriff Election., **EXHIBIT E:** Tissue Damage

---

[6] The letter of intent to sue was sent to the City & PD two days before Weets assaulted another person. Therefore Weets was possibly aware of upcoming legal action, by the end of March, 2023. Possibly playing a role in the attitude & conduct of Weets.

I declare under penalty of perjury that the foregoing is true and correct. Signed this day of December 4th, 2023.

This complaint will be sent to the US District Court (Southern Division) located at 400 South Phillips Ave S, Sioux Falls, SD, 57104. Including a money order of $405 to cover said fee & a civil cover sheet.

Address of Plaintiff: 1027 10th St. S  Apt. #6 Brookings, SD, 57006.

**MONEY DEMAND: FIVE-HUNDRED THOUSAND DOLLARS DEMANDED ($500k)** *Greater Than*

**JURY TRIAL DEMANDED**

Signature Of Plaintiff _____ (MICHAEL BRIAN FORMAN)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MICHAEL FORMAN

**DEFENDANTS**
SOUTH DAKOTA DCI, CITY OF BROOKINGS, SETH BONNEMA, SEAN DOREMUS, DAMIAN WEETS

**(b)** County of Residence of First Listed Plaintiff: **BROOKINGS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
PRO SE

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 462 Naturalization Application | | |
| | 555 Prison Condition | 465 Other Immigration Actions | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Violation Of Federal Rights Under 42 U.S.C § 1983 & Municipality Liability

Brief description of cause:
CLASS OF ONE EQUAL PROTECTION UNDER DUE PROCESS CLAUSE

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** <$500K
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*

JUDGE _____ DOCKET NUMBER _____

**DATE:** 12/5/2023

**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



**PRIORITY MAIL®**

0 Lb 5.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 12/06/23

C033

SHIP TO:
400 S PHILLIPS AVE
SIOUX FALLS SD 57104-6848

USPS TRACKING® #



9505 5117 8246 3339 6772 43

**FLAT RATE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**



PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM:

Michael Fortman
1027 10th St.
South Apt. 6 Brookings,
SD, 57006

TO:

Federal Clerk of
Courts, 400 So.
Phillips Ave, Sioux
Falls, SD, 57104



**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

X-RAYED BY
SOUTH DAKOTA
CSO

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.